No. 3402.—URBAN THEURER *v.* BERNARD NAUTRE and CHARLES W. BRADBURY.

Machinery set in bricks and run by steam, and used as a cotton seed oil factory, constitutes a part of the realty on which it is erected. Such machinery can not, therefore, be removed from the premises after the land on which it stands has been seized under a mortgage.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. C. E. Schmidt,* for plaintiff and appellee. *Armand Pitot,* for defendants and appellants.

WYLY, J. The defendant Nautré has appealed from a judgment on a rule requiring him to return to the seized premises the boiler, engine and gearing illegally removed by him, and to restore the same to the condition in which it was prior to the illegal removal, or in default of so doing, requiring him to pay to the sheriff the value of the machinery so removed, to wit: $700, to be applied to the partial satisfaction of the writ of seizure and sale obtained by the plaintiff against two lots of ground and buildings on Julia street, to which the said machinery was attached at the time the said premises were seized.

It appears that the mortgage under which the property was seized was granted by the defendants to the plaintiff on the twenty-seventh of February, 1868, to secure a loan of $12,500; and there were on the premises at the time three buildings, two of which were used as a cotton seed oil factory, and contained machinery run by steam. It also appears that the boiler and engine, removed by the defendant Nautré since the proceeding herein to foreclose the mortgage, were set in brick work which was torn up in the said removal.

We think the district judge decided the case correctly. The machinery attached to the premises formed part of the immovable itself, and ought not to have been removed by the defendant Nautré. C. C. 455, 460; 12 An. 227.

It is therefore ordered that the judgment herein be affirmed, with costs.